| | |
|---|---|
| **BAKER & HOSTETLER LLP**<br>Matthew C. Kane, Esq. (SBN 171829)<br>*mkane@bakerlaw.com*<br>Amy E. Beverlin, Esq. (SBN 284745)<br>*abeverlin@bakerlaw.com*<br>Kerri H. Sakaue, Esq. (SBN 301043)<br>*ksakaue@bakerlaw.com*<br>11601 Wilshire Boulevard, Suite 1400<br>Los Angeles, CA 90025-0509<br>Telephone:       310.820.8800<br>Facsimile:        310.820.8859 | **BAKER & HOSTETLER LLP**<br>Sylvia J. Kim, Esq. (SBN 258363)<br>*sjkim@bakerlaw.com*<br>Transamerica Pyramid<br>600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111<br>Telephone:   415.659-2600<br>Facsimile:    415.659.2601 |

Attorneys for Defendant
TELEDYNE DEFENSE ELECTRONICS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MUFFOLETTO, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>TELEDYNE DEFENSE ELECTRONICS, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.<br><br>[Los Angeles County Superior Court Case No. 22STCV11204]<br><br>**DEFENDANT TELEDYNE DEFENSE ELECTRONICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Action Filed:     April 1, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant TELEDYNE DEFENSE ELECTRONICS, LLC ("TDE" or "Defendant"), by and through its counsel of record, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles (the "State Court"), in which the action is currently pending, to the United States District Court for the Central District of California, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and all other applicable bases for removal. In support of this Notice of Removal, TDE avers as follows:

## PLEADING AND PROCEDURES

1. On April 1, 2022, Plaintiff MICHAEL MUFFOLETTO ("Plaintiff") filed a Complaint against TDE in the State Court, styled as *Michael Muffoletto, an individual v. Teledyne Defense Electronics, LLC, a Delaware Limited Liability Company, and Does 1 through 50, inclusive*, Case No. 22STCV11204 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On April 8, 2022, TDE's registered agent for service of process was personally served with a copy of the Summons and Complaint. True and correct copies of the Summons, Complaint, and every other process, pleading, order, and other filing served on TDE in this action to date are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
|---|---|
| A | Complaint |
| B | Summons on Complaint |
| C | Civil Case Cover Sheet |
| D | Civil Case Cover Sheet Addendum |
| E | Notice of Assignment Unlimited Civil Case |

| Exhibit | Document |
|---|---|
| F | Instructions for Handling Unlimited Civil Cases |
| G | First Amended General Order |
| H | Alternative Dispute Resolution (ADR) Information Package |
| I | Voluntary Efficient Litigation Stipulations |
| J | Order Pursuant to CCP 1054(a), Extending Time To Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation |

3. On May 5, 2022, TDE filed and served its Answer to Plaintiff's Complaint in the State Court Action. A true and correct copy of TDE's Answer to the Complaint is attached hereto as **Exhibit K**.

4. TDE is informed and believes that the following documents are also on file in the State Court Action, which are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---|---|
| L | Notice of Case Management Conference |
| M | Proof of Service of Summons (on TDE) |

5. TDE is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6. TDE is informed and believes that there has been no service of process upon Defendants DOES 1 through 50, which are fictitious defendants to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(a).

**REMOVAL JURISDICTION – FEDERAL QUESTION**

7. Pursuant to 28 U.S.C. § 1331, district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See also United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005). Additionally, pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Plaintiff's Complaint expressly pursues claims arising under the laws of the United States because the Sixth Cause of Action is brought pursuant to a federal statute. *See* Exh. A (Complaint), ¶¶ 50-55. Specifically, Plaintiff's Sixth Cause of Action for "Interference with Rights under the Family and Medical Leave Act (FMLA)" is brought pursuant to 29 U.S.C. § 2601, *et seq.* (the "Federal FMLA"), and it alleges that TDE violated the Federal FMLA "by terminating Plaintiff for exercising [his] right to take such a qualified leave from work after suffering from a serious health condition." *Id.*, ¶ 51. Based on TDE's alleged "interference," Plaintiff seeks damages pursuant to 28 U.S.C. § 2617, including, but not limited to, "damages equal to the loss in wages, salary, employment benefits and other compensation lost to Plaintiff by reason of Defendants' violation … and liquidated damages." *Id.*, ¶ 52.

9. Accordingly, because Plaintiff has asserted claims "arising under the … laws … of the United States," this Court has original jurisdiction over this action and removal is proper. 28 U.S.C. § 1331; *see also Gamez v. Republic Waste Servs. of S. California LLC*, 2015 WL 13916180, at *2 (C.D. Cal. May 5, 2015) (Selna, J.) (removal of action based on claim for violation of the FMLA was proper).

### Supplemental Jurisdiction

10. The Court has supplemental jurisdiction over all other claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c). When a defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) ("[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are

'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"); *Kuba v. 1-Aagric. Ass'n*, 387 F.3d 850, 955 (9th Cir. 2004) (same).

11. Here, Plaintiff's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action *all* arise from the same set of factual allegations pled in support of his Sixth Cause of action under the Federal FMLA; thus, the state law claims and federal law claims in this case all derive from "a common nucleus of operative fact." *Kuba*, 387 F.3d at 955. To that end, Plaintiff asserts that, during the COVID-19 pandemic, he requested to work from home as a reasonable accommodation due to "his history of cancer." Exh. A (Complaint), ¶ 9. He alleges that his request was denied, and he then sought and was granted a medical leave of absence *under the Federal FMLA*. Exh. A (Complaint), ¶¶ 9-10. Plaintiff further alleges that, *while he was on FMLA leave*, TDE terminated his employment. *Id.*, ¶ 11. He alleges that, while TDE informed him that he was terminated because his position had been eliminated, his termination was in fact "pretext for discrimination and retaliation based on [his] disability/medical condition *and medical leave of absence* [under the Federal FMLA]." *Id.*, ¶ 12 (emph. added).

12. Plaintiff's state law causes of action are thus inextricably intertwined with Plaintiff's Sixth Cause of Action under the Federal FMLA because those state law causes of action are predicated in whole or in substantial part on Plaintiff's request for and taking of medical leave pursuant to the Federal FMLA and the termination of his employment while on FMLA leave. *See, e.g.*, Exh. A (Complaint), ¶ 16 (alleging discrimination based on the "disability/medical condition" for which Plaintiff took FMLA leave and citing his termination while on FMLA leave as an incident demonstrating discrimination); *id.*, ¶ 23 (failure to prevent claim predicated on termination while on FMLA leave); *id.*, ¶¶ 30, 37 (failure to accommodate and to engage in the interactive process claims predicated on refusal of request to work from home that led to Plaintiff taking FMLA leave); *id.*, ¶ 44 (alleging that Plaintiff's termination was retaliation for taking FMLA leave); *id.*, ¶ 57 (alleging that Plaintiff's

termination while on FMLA leave was wrongful).

13. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), and this action is thus removable in its entirety. *See, e.g.*, *Khan v. SAP Labs, LLC*, 2019 WL 5697928, at *6-7 (N.D. Cal. Nov. 4, 2019) ("Because the medical conditions underlying Khan's federal FMLA claim allegedly arose from the asserted harassing, discriminatory, and retaliatory conduct underlying his FEHA and other state law claims, the Court concludes that the federal and state law claims are sufficiently related to support the exercise of supplemental jurisdiction."); *Gamez*, 2015 WL 13916180, at *2 ("Gamez's argument that the Court does not have jurisdiction over his state law claims is without merit…. Gamez's state law claims [for, *inter alia*, disability discrimination, retaliation, and failure to prevent discrimination] are based on the same common nucleus of operative fact as his FMLA claim, and thus the Court may exercise jurisdiction over them pursuant to 28 U.S.C. § 1367.").

## **VENUE**

14. TDE is informed and believes that the events allegedly giving rise to this action occurred within this judicial district. *See* Exh. A (Complaint), ¶ 1. Venue lies in this Court because Plaintiff's action was filed in the Superior Court of California, County of Los Angeles, and is thus pending in this district and division. Accordingly, TDE is entitled to remove this action to the United States District Court for the Central District of California. *See* 29 U.S.C. § 1441(a).

## **TIMELINESS OF REMOVAL**

15. "Notice of removal of a civil action ... shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). But "[i]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(c); *see also Pogosyan v. U.S. Bank Trust Nat'l Ass'n*, 2015 WL 12696188, at *2 (C.D. Cal. Oct. 22, 2015)

(Birotte, J.).

16.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because TDE is filing this Notice of Removal within thirty (30) days after the date on which it was served with Plaintiff's Complaint—which was the first date upon which TDE was served with any pleading, amended or otherwise, first giving it knowledge that the action was indeed removable. *See* 28 U.S.C. § 1446(b).[1]

17.    This action has not previously been removed to federal court.

### NOTICE TO PLAINTIFF AND STATE COURT

18.    Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Proof of Service. *See* 28 U.S.C. § 1446(d). In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See id.*

///
///
///
///
///
///
///
///

---

[1] TDE was served with the Complaint on April 8, 2022. *See supra*, ¶ 2. The 30th day after April 8, 2022 is May 8, 2022—a Sunday. By operation of Fed. R. Civ. P. 6 ("Rule 6"), TDE had until May 9, 2022 (Monday) to file a notice of removal. *See* Fed. R. Civ. P. 6(a)(1)(c); *see also Krug v. Wells Fargo Bank, N.A.*, 2011 WL 6182341, at *1 (N.D. Cal. Dec. 13, 2011) (holding that Rule 6 operated to extend the time to remove by two days when "the 30th day after service fell on a Saturday"); *see also Moistner v. Aerojet Rocketdyne, Inc.*, 2021 WL 3033402, at *1 (C.D. Cal. July 16, 2021) (Blumenfeld, J.) (same). Thus, TDE's removal on May 9, 2022 is timely. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019) (applying Rule 6 when calculating the 30-day removal clock).

WHEREFORE, TDE respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: May 9, 2022            **BAKER & HOSTETLER LLP**

By: /s/   Sylvia J. Kim, Esq.
          Matthew C. Kane, Esq.
          Sylvia J. Kim, Esq.
          Amy E. Beverlin, Esq.
          Kerri H. Sakaue, Esq.

Attorneys for Defendant TELEDYNE DEFENSE ELECTRONICS, LLC

# PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On May 9, 2022, I served a copy of the within document(s):

## DEFENDANT TELEDYNE DEFENSE ELECTRONICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

| | |
|---|---|
| ☑ | **BY REGULAR MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | **BY OVERNIGHT DELIVERY:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)). |
| ☐ | **BY PERSONAL SERVICE:** I provided the documents to a professional messenger service for same day hand-delivery to the offices of the addressee(s). (C.C.P. § 1011(a)(b)). |
| ☐ | **BY ELECTRONIC SERVICE:** by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. |

Joseph M. Lovretovich, Esq.  
Stephen Wiard, Esq.  
JML Law, A Professional Law Corporation  
5855 Topanga Canyon Blvd., Ste. 300  
Woodland Hills, CA 91367

Attorneys *for Plaintiff*  
MICHAEL MUFFOLETTO

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 9, 2022, at Los Angeles, California.

*/s/ Vaneta D. Birtha*  
Vaneta D. Birtha

BAKER & HOSTETLER LLP  
ATTORNEYS AT LAW  
LOS ANGELES

PROOF OF SERVICE;  
CASE NO.: 22STCV1120  
4876-8073-7566.3