EXHIBIT A

22STCV11204
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

Electronically FILED by Superior Court of California, County of Los Angeles on 04/01/2022 04:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
STEPHEN J. WIARD, STATE BAR NO. 293707

Attorneys for Plaintiff,
MICHAEL MUFFOLETTO

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| MICHAEL MUFFOLETTO, an individual,<br><br>Plaintiff<br><br>vs.<br><br>TELEDYNE DEFENSE ELECTRONICS, LLC., a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants | Case No.: **22STCV11204**<br><br>**COMPLAINT FOR:**<br>1. **DISABILITY/MEDICAL CONDITION DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA]**<br>2. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA**<br>3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA**<br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FEHA**<br>5. **RETALIATION IN VIOLATION OF THE FEHA**<br>6. **INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT (FMLA)**<br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

EXHIBIT A

1  Plaintiff, MICHAEL MUFFOLETTO, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. At all times mentioned herein and at the time each of Plaintiff's causes of action arose, Plaintiff was an individual residing in the State of California and was employed by Defendants in the County of Los Angeles.

2. Plaintiff alleges that Defendant, TELEDYNE DEFENSE ELECTRONICS, LLC. ("Defendant") is Delaware Limited Liability Company doing business in the County of Los Angeles, California. At all relevant times, Defendant employed five or more people.

3. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve one or more amendments to this Complaint upon learning the true names and capacities of said Defendants.

4. Upon information and belief, Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for and proximately caused the injuries and damages sustained by Plaintiff as alleged in this Complaint.

5. Upon information and belief, Plaintiff alleges that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted with the course and scope of his or her relationship with any other Defendants and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

6. Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall mean all Defendants, and each of them.

///
///
///

## FACTUAL SUMMARY

7. Plaintiff commenced his employment with Defendants in or around July 2014 as a Manufacturing Plating Manager. Throughout his employment with Defendants, Plaintiff performed his duties diligently and satisfactorily and was promoted to in or around 2016.

8. During his employment with Defendants, Plaintiff was in remission after he suffered from pharyngeal cancer and was treated for tonsillar carcinoma. Defendants were notified by Plaintiff of Plaintiff's cancer diagnosis and disability status.

9. During the COVID-19 pandemic, Plaintiff was high risk and immunocompromised due to his history of cancer. In or around March 2020, Plaintiff requested a reasonable accommodation, specifically to work from home due to Plaintiff's condition. Defendants denied Plaintiff's request to work from home, without adequate justification. Allowing Plaintiff to work from home would not have caused an undue hardship on Defendants and would have allowed Plaintiff to perform the essential functions of his job.

10. Plaintiff was then encouraged by Defendants to seek a medical leave of absence. Plaintiff provided the necessary medical documentation and on March 30, 2020, Defendants approved Plaintiff's request for a medical leave of absence retroactive to begin March 18, 2020. Defendants indicated to Plaintiff at this time that he would have 12 weeks of job protected leave available to him.

11. Despite approving Plaintiff's leave of absence request, just two weeks later on or about April 13, 2020, while Plaintiff was on his approved medical leave, Defendants abruptly terminated Plaintiff. Defendants alleged Plaintiff's position was eliminated, but Defendants posted a job advertisement for Plaintiff's position shortly after Plaintiff's termination. Indeed, Plaintiff reached out to Defendants to be rehired but Defendants rejected Plaintiff.

12. Plaintiff alleges that Defendants' proffered reason for terminating Plaintiff was pretext for discrimination and retaliation based on Plaintiff's disability/medical condition and medical leave of absence.

13. Plaintiff exhausted his administrative remedies by timely filing a complaint with

EXHIBIT A

the Department of Fair Employment and Housing ("DFEH"). Plaintiff received a notice of right to sue from the DFEH on that same day.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA]

### (Against all Defendants)

14. Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

15. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

16. Defendants discriminated against Plaintiff on account of Plaintiff's disability/medical condition. Defendant's discriminatory behavior included, but was not limited to, failing to engage in a good faith interactive process, failing to provide Plaintiff reasonable accommodations for Plaintiff's disability, and terminating Plaintiff's employment.

17. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential, and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

18. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the

EXHIBIT A

future not presently ascertainable, all in an amount subject to proof at trial.

19. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

20. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA
**(Against all Defendants)**

21. Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

22. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Plaintiff regularly employed five (5) or more persons. California Government Code § 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

23. Despite Plaintiff's request for reasonable accommodation and efforts to engage in the interactive process, Defendants willfully failed to take any actions to prevent discrimination from occurring. Instead, Defendants pursued discriminatory actions against Plaintiff, including terminating Plaintiff's employment.

24. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

25. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

26. As a proximate result of Defendant's conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

27. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

6
COMPLAINT

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

### (Against all Defendants)

28. Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

29. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. California Government Code § 12940(n) requires employers to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations.

30. Defendants were aware that Plaintiff suffered from a disability. Plaintiff requested a reasonable accommodation; however, Defendants refused Plaintiff's request. Moreover, Defendants did not propose any alternative reasonable accommodations (other than a short lived leave of absence) or engage in any interactive process.

31. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

32. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

///

EXHIBIT A

33. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

34. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FEHA

### (Against all Defendants)

35. Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

36. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. California Government Code § 12940(m) requires employers to make reasonable accommodations for the known disabilities of applicants and employees unless doing so would produce undue hardship to the employer's operations.

///
///
///

8
COMPLAINT

37. Defendants were aware that Plaintiff suffered from a disability. Plaintiff requested a reasonable accommodation; however, Defendants refused Plaintiff's request. Moreover, Defendants did not propose any alternative reasonable accommodations (other than a short lived leave of absence) or engage in any interactive process.

38. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

39. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

40. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

41. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

### (Against all Defendants)

42. Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

43. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. California Government Code § 12940 et seq. prohibits an employer from retaliating against in an employee based upon the employee's opposition to practices forbidden under the Fair Employment and Housing Act and/or requesting a reasonable accommodation.

44. Plaintiff engaged in protected activity as described in this Complaint, specifically Plaintiff requested an accommodation for his disability. Defendants refused to allow Plaintiff to work and/or terminated Plaintiff's employment as a result of the aforementioned protected activity.

45. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

46. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

EXHIBIT A

47. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

48. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION
### INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

49. Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

50. At all times mentioned herein, 29 U.S.C. § 2601, *et seq.*, the Family and Medical Leave Act, was in full force and effect and was binding on Defendants. In part, this statute prohibits an employer from interfering with or retaliating against any employee who exercises his/her rights under the law by taking a leave from work due to a serious health condition. (29 U.S.C. § 2612 (d), § 2616.) Employers must grant unpaid leave for up to twelve weeks to anyone who has been employed for at least twelve months. On return from leave, the employee must be reinstated to the same or an equivalent job.

///
///

11
COMPLAINT

51. As alleged above, Defendants violated this law by terminating Plaintiff for exercising Plaintiff's right to take such a qualified leave from work after suffering from a serious health condition. After initially granting Plaintiff's request for leave, Defendants subsequently interfered with Plaintiff's rights to FMLA leave by terminating Plaintiff less than two weeks after approving his leave and with nearly eight weeks of leave still available to him.

52. Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to damages equal to the loss in wages, salary, employment benefits and other compensation lost to Plaintiff by reason of Defendants' violation, interest on this amount calculated at the prevailing rate, and liquidated damages. Plaintiff is also entitled to such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

53. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental and physical pain and anguish, all in an amount according to proof.

54. In light of Defendants' willful, knowing, and intentional conduct against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

55. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. §2617.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against all Defendants)

56. Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

57. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code § 12940, *et seq.* is to prohibit employers from discriminating, harassing and retaliating against employees. This public policy of the State of

California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq.* and the laws and regulations promulgated thereunder.

58. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

59. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

60. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

/

/

EXHIBIT A

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For attorneys' fees, according to proof;
5. For prejudgment interest, according to proof;
6. For punitive and exemplary damages, according to proof;
7. For reinstatement to Plaintiff's former position;
8. For costs of suit incurred herein; and
9. For such other relief that the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: April 1, 2022

JML LAW, A Professional Law Corporation

By: *Stephen J. Wiard*

JOSEPH M. LOVRETOVICH

STEPHEN J. WIARD

Attorneys for Plaintiff

14
COMPLAINT